```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
MARIA E. MARIN,                         :
                                        :
                     Plaintiff,         :     10 Civ. 2216(BSJ)(DCF)
                                        :     **Memorandum & Order**
            v.                          :
                                        :
                                        :
JPMORGAN CHASE BANK, N.A.,              :
                                        :
                     Defendant.         :
----------------------------------------X
```

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Plaintiff Maria E. Marin ("Marin") brought this action against Defendant JPMorgan Chase Bank, N.A., ("Chase") alleging unlawful termination on the basis of her medical condition, age, and sex. Chase has moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons stated below, the motion is hereby GRANTED.

## BACKGROUND

### I. Procedural History

Marin filed her Complaint in the Supreme Court of the State of New York, County of New York, on February 18, 2010. At the time Marin commenced this action, she was represented by counsel. (Def.'s Rule 56.1(a) Stmt., Ex. 18.) Invoking 28 U.S.C. § 1441 et seq., Chase filed a Notice of Removal to this Court on March 3, 2010, and its Answer on March 22, 2010. (Dkt. 1, 4.) On

1

April 15, 2010, Magistrate Judge Theodore H. Katz scheduled a pretrial conference on May 5, 2010. (Dkt. 6.) On April 21, 2010, Chase requested that the pretrial conference be rescheduled and Judge Katz adjourned the conference until May 11, 2010. (Id.) On April 22, 2010, this Court approved the parties' stipulation extending the deadline for Marin to respond to Chase's Notice of Removal until May 15, 2010. (Dkt. 7.) On May 10, 2010, counsel for Marin requested to postpone the pretrial conference until at least June 21, 2010, and again asked for additional time to respond to Chase's Notice of Removal. (Dkt. 8.) Judge Katz extended the deadline for Marin to file responsive papers until June 18, 2010, and adjourned the conference until June 23, 2010. (Id.) On June 10, 2010, Chase requested that the conference be rescheduled and Judge Katz again postponed it until June 25, 2010. (Dkt. 9.)

On June 25, 2010, the parties stipulated and agreed to another extension for Marin to file a response to Chase's Notice of Removal. (Dkt. 10.) Judge Katz approved an extension until July 1, 2010, and again postponed the pretrial conference until July 25, 2010. (Id.) By an order dated July 26, 2010, Judge Katz also scheduled a settlement conference for November 17, 2010, and directed that all pretrial discovery was to be completed by December 17, 2010; all dispositive motions were to be filed by

2

February 1, 2011; and all responses to dispositive motions were to be filed by March 11, 2011.

On October 26, 2010, the parties stipulated and agreed to extend the deadline for discovery until March 1, 2011. (Dkt. 13.) Both parties also agreed to extend the deadlines for filing dispositive motions, opposition to dispositive motions, and replies until April 1, 2011; May 2, 2011; and May 13, 2011, respectively. (Id.) The pretrial conference was also rescheduled for March 8, 2011. (Id.) On February 24, 2011, the deadlines for filing dispositive motions, opposition to dispositive motions, and replies were again extended by the parties until June 3, 2011; July 5, 2011; and July 15, 2011. (Dkt. 14.) Judge Katz again postponed the pretrial conference, scheduling the meeting for May 5, 2011, and notified the parties that he would not grant any further extensions. (Id.) Despite this admonition, Judge Katz did grant the parties' request on April 27, 2011, to extend discovery until July 1, 2011, and rescheduled the pretrial conference for July 6, 2011. (Dkt. 15, 16.) On June 17, 2011, Judge Katz again adjourned the conference, rescheduling the meeting for August 18, 2011. (Dkt. 17.)

On August 8, 2011, Judge Katz granted Chase's request to extend the deadline for service of its Motion for Summary Judgment to August 19, 2011, and the deadline for service of Marin's Opposition to the Motion for Summary Judgment until

3

September 21, 2011. (Dkt. 18.) By an order dated August 18, 2011, Judge Katz further extended this deadline and directed that all dispositive motions were to be filed by September 6, 2011; all responses by October 6, 2011; and all replies by October 14, 2011. On September 30, 2011, these deadlines were again extended until October 13, 2011; November 10, 2011; and November 28, 2011. (Dkt. 21.)

Chase finally filed its Motion for Summary Judgment on October 13, 2011. (Dkt. 24.) On December 5, 2011, this Court granted a request by counsel for Marin for a brief extension to consider a settlement offer.[1] (Dkt. 33.) In granting counsel's request, the Court extended the deadline to file until December 23, 2011, but specifically stated that "[f]ailure to do so will result in the Court deciding the motion unopposed." (Id.)

On December 16, 2011, citing a "complete breakdown by plaintiff to meet her obligations of fees and disbursements," and an inability to communicate with his client, Marin's counsel requested to withdraw from representation. (Dkt. 36.) Upon finding that Marin's counsel had adduced "satisfactory reasons" under Local Civil Rule 1.4, the Court granted counsel's request and directed Marin to seek alternative counsel or to proceed pro se. (Order dated January 19, 2012.) Recognizing that the

---

[1] While counsel for Marin requested additional time to respond to Chase's "motion to dismiss," the Court noted in its response that the motion before it was a motion for summary judgment. (Dkt. 33.)

4

withdrawal of counsel one week before opposition papers were due could hamper Marin's ability to prosecute her case effectively, the Court also extended the time for Marin to file her opposition to the Motion for Summary Judgment until March 19, 2012. (Order dated January 19, 2012.) The Court again noted that "[f]ailure to [file a response] will result in the Court deciding the motion unopposed." (Id.) As of the date of this opinion, Marin has not filed any response to Chase's motion.

## II.  Facts

When deciding a motion for summary judgment, the Court considers all facts in the light most favorable to the nonmoving party. See Abramson v. Pataki, 278 F.3d 93, 101 (2d Cir. 2002). Since Marin has not filed any response to Chase's Motion for Summary Judgment, the Court has been provided only with the facts as set forth by Chase. If the nonmoving party fails properly to address the movant's assertion of a fact, the Court may "consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2)-(3). Local Civil Rule 56.1 provides that a party moving for summary judgment must submit a statement of the claimed undisputed facts on which it relies, as well as citations to admissible evidence in the record to support each fact. See

Local Rule 56.1(a), (d). If the party opposing summary judgment fails to controvert a fact set forth in a Rule 56.1 statement, that fact is deemed to be admitted. Local Civil Rule 56.1(c); Giannullo v. City of New York, 322 F.3d 139, 140 (2d Cir. 2003).[2]

The final date by which Marin was ordered to file any opposition to Chase's Motion for Summary Judgment was March 19, 2012. (Order dated January 19, 2012.) Marin declined to file any documents on or before this deadline.[3] Moreover, the Court is satisfied that the Rule 56.1 Statement submitted by Chase in support of its Motion for Summary Judgment is adequately supported by citations to admissible evidence in the record. In the absence of any submission by Marin and pursuant to Local Rule 56.1(c), the Court hereby adopts the facts as set forth in Chase's Rule 56.1 Statement. Therefore, the following facts are considered undisputed.

Marin is a former female employee of Chase who was born on July 27, 1950. (Def.'s Rule 56.1 Stmt. ¶¶ 1-2; 7.) She was hired

---

[2] Of course, these facts are deemed admitted only to the extent that they are actually supported by the evidence cited. Giannullo, 322 F.3d at 143 n.5 (stating that "the truth-finding functions of the judicial process" require a court to verify the assertions in the motion for summary judgment).

[3] The Court notes that Marin is no longer represented by counsel and, as no new notice of appearance on her behalf has been entered, she proceeds in this matter pro se. Under normal circumstances, the Court views the pleadings of a pro se plaintiff "liberally and interpret[s] them to raise the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (internal citation omitted). Here, of course, Marin has filed no response of any kind. It is also worth noting that Marin was represented by counsel when the Court warned her that a failure to respond to Chase's Motion for Summary Judgment would "result in the Court deciding the motion unopposed." (Dkt. 33; Order dated January 19, 2012.)

by Chase Manhattan Bank[4] in 1973 and remained employed by the defendant until October 23, 2009. (Id. at ¶¶ 7, 12.) During this time, Marin was employed at various times as a bilingual secretary, administrative assistant, and finally as the sole receptionist in the New York office of Chase's International Financial Services Department. (Id. at ¶¶ 13-15.) Her duties in this capacity consisted primarily of staffing the reception desk, greeting and assisting visitors, and logging incoming mail, faxes, and other communications. (Id. at ¶ 16.)

Marin's annual performance reviews from 2005, 2006, and 2007 indicate that Marin performed her job adequately, but struggled with maintaining constant coverage of the reception area as demanded by her supervisors. (Id. at ¶¶ 22-33; Ex. 2-4.) In 2005, Marin's overall performance was rated as "Needs Improvement." (Id. at ¶ 24.) In 2006 and 2007, however, Marin's performance had improved to "Meets Expectations." (Id. at ¶ 28, 32.)

In 2008, Marin developed vision problems and was scheduled to have cataract surgery. (Id. at ¶¶ 34-36.) Though her supervisor advised her about seeking a reasonable accommodation, Marin initially declined to make a request. (Id. at ¶¶ 37-38; Ex. 5.) On September 15, 2008, however, Marin permitted Chase's

---

[4] Chase Manhattan Bank merged with Chemical Bank on July 14, 1996, to form The Chase Manhattan Bank. (Def.'s Rule 56.1 Stmt. ¶ 9.) This entity then merged with Morgan Guaranty Trust Company of New York on November 10, 2001, and became JPMorgan Chase Bank. (Id. at ¶ 10.)

7

medical department to request documentation from her doctor regarding her vision problems. (Id. at ¶¶ 40-42; Ex. 5.) Upon receiving the information from Marin's doctor, Chase approved her request for a reasonable accommodation and Marin was provided with a magnifying screen. (Id. at ¶¶ 42-46.) Unfortunately, this accommodation appears to have been inadequate to allow Marin fully to perform her duties. (Id.)

From October 7, 2008, to December 2, 2008, Marin was on medical leave to undergo surgery to correct her vision problems. (Id. at ¶¶ 49-51; Ex. 5.) When she returned to work, Marin met her supervisor and was read a memorandum setting forth the performance expectations for her position. (Id. at ¶¶ 52-53.) Marin was also advised that Chase expected immediate improvement in her performance. (Id. at ¶¶ 54-57; Ex. 6.) Marin's performance did not improve enough to satisfy Chase's expectations, however. In October 2008 and December 2008, Marin received written warnings that her performance was deficient. (Id. at ¶¶ 58, 67.) Specifically, these warnings identified failures to perform job-related tasks and unscheduled late arrivals to work as areas needing improvement. (Id. at ¶¶ 60-64, 67; Ex. 7-8) Marin's annual review for 2008 reiterated these concerns and rated her overall performance as "Needs Improvement." (Id. at ¶¶ 71-72; Ex. 9.)

In June 2009, Marin received a final written warning based on her continued failures to perform job-related duties and to arrive on time to work. (Id. at ¶ 73.) This warning advised Marin that "[f]ailure to demonstrate immediate and sustained improvement may result in further corrective action, up to and including termination of employment." (Id. at ¶ 79; Ex. 10.) In October 2009, Marin's supervisor recommended that Marin be discharged. (Id. at ¶ 83; Ex. 13.) The stated reasons for recommending Marin's termination were "excessive tardiness," "failure to report time correctly," and "failure to follow procedures." (Id.) Chase terminated Marin's employment on October 23, 2009. (Id. at ¶ 90.)

## DISCUSSION

### I. Legal Standard

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the burden of showing that no genuine factual dispute exists and all ambiguities and factual inferences are drawn in favor of the party opposing summary judgment. See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Chambers v. TRM Copy Centers Corp., 43 F.3d 29, 36 (2d Cir. 1994). When considering a

motion for summary judgment the Court does not resolve contested issues of fact, it simply determines whether they are material disputes. See Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 11 (2d Cir. 1986), cert. denied, 480 U.S. 932 (1987). If there is any evidence in the record "from which a reasonable inference could be drawn in favor of the nonmoving party," summary judgment must be denied. Chambers, 43 F.3d at 37.

In this case, Marin has not filed any response to Chase's Motion for Summary Judgment and the facts are undisputed. See Local Civil Rule 56.1(c). Failing to oppose a motion for summary judgment, however, does not in and of itself justify granting the motion. Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004). Rather, "the district court must still assess whether the moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law." Id.

## II. Governing Law

While the Court looks to the record for evidence of a genuine issue of fact, the question of materiality is determined by the substantive law governing the case. See Anderson, 477 U.S. at 248; Wolfson v. Bruno, 844 F. Supp. 2d 348, 354 (S.D.N.Y. 2011). In an employment discrimination case, the plaintiff bears the initial burden of "proving by the

10

preponderance of the evidence a prima facie case of discrimination." Texas Dep't. of Cmty. Affairs v. Burdine, 450 U.S. 248, 252-53 (1981); see also McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Specifically, the plaintiff must show that she (1) belongs to a protected class; (2) satisfactorily performed her duties; (3) was discharged; and (4) was discharged under circumstances giving rise to an inference of discrimination on the basis of her membership in the protected class. Chambers, 43 F.3d 29 at 37.

Next the defendant must "clearly set forth, through the introduction of admissible evidence, [] reasons" for its employment decision that are "legally sufficient to justify a judgment for the defendant." Burdine, 450 U.S. at 255; see also St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506-07 (1993). After the defendant has presented its nondiscriminatory explanations, the plaintiff then has an opportunity to show that the defendant's proffered reasons were a mere pretext either by discrediting them or through the presentation of additional evidence. Burdine, 450 U.S. at 256; Chambers, 43 F.3d 29 at 38.

### III. Plaintiff's Discrimination Claims

The undisputed facts clearly establish that Marin is female, sixty-two years of age, and suffered a medical condition for which she was eventually compelled to seek a reasonable accommodation from her employer. (See Def.'s Rule 56.1 Stmt. ¶¶

11

1-2, 40-42.) Gender, age, and disability are all recognized protected classes. <u>See</u> 42 U.S.C. § 2000(e) <u>et</u> <u>seq.</u> (prohibiting discrimination on the basis of gender); 29 U.S.C. § 621 <u>et</u> <u>seq.</u> (barring age discrimination); 42 U.S.C. § 12112 <u>et</u> <u>seq.</u> (proscribing discrimination with respect to disability). It is also clear that Marin was discharged from her employment by Chase. (Def.'s Rule 56.1 Stmt. ¶ 12.) Thus, the undisputed facts clearly establish at least two elements of a <u>prima facie</u> case of employment discrimination.

The facts do not show, however, that Marin satisfactorily performed her duties while employed by Chase. To the contrary, Marin received written warnings in October 2008, December 2008, and June 2009 identifying specific instances in which her performance did not meet Chase's expectations. (<u>See</u> <u>id.</u> at ¶¶ 58, 67, 73; Ex. 7, 8, 10.) For example, the final written warning issued in June 2009 identified twelve dates on which Marin arrived late to work and six instances in which she had failed to perform the same job-related task. (<u>Id.</u> at ¶¶ 75, 77; Ex. 10.) These occurrences were also cited in the Recommendation for Termination prepared by Marin's supervisor. (<u>See</u> <u>id.</u>, Ex. 13.) On these facts, it would be unreasonable to conclude that Marin satisfactorily performed the duties expected of her during her period of employment.

12

Nor do the facts demonstrate that Marin was discharged under circumstances giving rise to an inference of discrimination. There is no indication in the record that Chase's decision to terminate Marin's employment was in any way based on her age or sex. Likewise, there is no suggestion that Marin's medical condition was a basis for her discharge. The Court is mindful that "[e]mployers are rarely so cooperative as to include a notation in the personnel file that [a] firing is for a reason expressly forbidden by law." Ramseur v. Chase Manhattan Bank, 865 F.2d 460, 464 (2d. Cir. 1989) (internal citation omitted). In this case, however, Marin has declined to provide any additional facts on which to base an inference of discrimination.

The undisputed facts show that Chase reasonably accommodated Marin's vision difficulties. (See Def.'s Rule 56.1 Stmt., ¶¶ 42-46.) At the direction of her doctor, Marin was granted medical leave to undergo surgery to address her condition. (See id. at ¶¶ 49-51.) None of the annual performance reviews completed by Chase refer to Marin's age, sex, or ocular difficulties as a basis for dissatisfaction. (See id. at Ex. 7, 8, 10.) Rather, almost every evaluation, warning, or performance review issued to Marin specifically repeated the same issues of deficient performance. (See id., Ex. 7, 8, 9, 10 (identifying instances of tardiness); Ex. 2, 4, 7, 10 (documenting instances

13

in which Marin failed to ensure coverage of the reception area).) In sum, the undisputed facts do not support an inference that discrimination motivated Marin's discharge.

The crux of summary judgment is "whether disputed factual issues can 'reasonably be resolved in favor of either party.'" Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) (quoting Anderson, 477 U.S. at 250). Absent more, Marin's bare assertions that she was the victim of discrimination are insufficient to justify a reasonable resolution in her favor. Marin is "not entitled to judgment unless she shows that the challenged employment decision was more likely than not motivated, in whole or in part, by unlawful discrimination." Howley v. Town of Stratford, 217 F.3d 141, 150 (2d Cir. 2000). Marin has offered no evidence to suggest improper motives by Chase, nor has she attempted to rebut the nondiscriminatory reasons for termination offered by the defendant. Cf. Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 714 (2d Cir. 1996)(stating that a plaintiff must adduce "not just some evidence, but sufficient evidence to support a rational finding that the legitimate, nondiscriminatory reasons proffered by the employer [a]re false" (internal citations omitted)).

Summary judgment is proper "when the non-moving party 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that

14

party will bear the burden of proof at trial.'" Abramson, 278 F.3d at 101 (quoting Celotex, 477 U.S. at 322). Viewing the undisputed facts in the light most favorable to Marin and drawing all inferences in her favor, the Court is unable to conclude that Marin has met her burden of establishing a prima facie case of employment discrimination. See Burdine, 450 U.S. at 252-53; McDonnell Douglas, 411 U.S. at 804. Moreover, the uncontroverted evidence offered by Chase articulates plausible nondiscriminatory grounds for Marin's termination that have not been rebutted. See Hicks, 509 U.S. at 523-24. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson, 477 U.S. at 249. Based on the undisputed facts of this case, Chase is entitled to a judgment as a matter of law.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is hereby GRANTED. The Clerk of the Court is directed to terminate the motion (Dkt. 24) and to close this case.

**SO ORDERED:**

*/s/ Barbara S. Jones*
**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Dated:    New York, New York
          September 12, 2012

15